**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAKTI BHATIA; RANDEEP SANDER, | No. 08-71843 |
| Petitioners, | Agency Nos. A098-151-087 |
| | A098-151-088 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Shakti Bhatia and Randeep Sander, natives and citizens of India, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Petitioners testified to receiving threats from some of Sander's family members because of their interfaith marriage, and to an incident in which they were stopped by Sikhs who demanded Bhatia become Sikh, join their group and move to Punjab, or that he and Sander separate. Even if petitioners were credible, and their asylum application was timely, substantial evidence supports the agency's finding that petitioners failed to demonstrate they were or will be harmed by forces the government of India is unwilling or unable to control. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See id.*

Substantial evidence supports the agency's denial of petitioners' CAT claim because they failed to establish a likelihood of torture by or with the acquiescence of government officials if returned to India. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

Finally, petitioners contend the BIA violated due process when it found India's privacy laws and enforcement of those laws similar to that of the United States. We reject petitioners' contention because the BIA made no such finding.

**PETITION FOR REVIEW DENIED.**

08-71843